# EXHIBIT A

## IN THE CIRCUIT COURT FOR THE THIRTIETH JUDICIAL DISTRICT OF TENNESSEE, AT MEMPHIS

**LINDA ARCHIBALD,**

    Plaintiff,

vs.

    NO. CT-3910-22

    DIV II

**KROGER LIMITED PARTNERSHIP** I,
**THE KROGER CO. and JFE
FRANCHISING, INC. d/b/a SNOWFOX,**

    Defendants.

---

### COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff, Linda Archibald, by and through her attorney, Julian T. Bolton, Esq., and for cause of action against Kroger Limited Partnership I, The Kroger Co. and JFE Franchising, Inc. d/b/a Snowfox would hereby show and state as follows:

### PARTIES

1.    Plaintiff, Linda Archibald is an adult resident citizen of Shelby County, Tennessee, residing in Memphis, Tennessee.

2.    Upon information and belief, Defendant, The Kroger Company, is a foreign for-profit corporation with a principal business address of 1014 Vine Street, Cincinnati, Ohio, 45202-1000 and is authorized to do business in the State of Tennessee. Defendant, The Kroger Company, may be served with process through its registered agent for service of process, Corporation Service Company, at the address of 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

3.      Upon information and belief, Defendant, Kroger Limited Partnership I, is a foreign limited partnership with a principal business address of 1014 Vine Street, Cincinnati, Ohio, 45202 and is authorized to do business in the State of Tel messee. Defendant, Kroger Limited Partnership I, may be served with process through its registered agent for service of process, Corporation Service Company, at the address of 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

4.      Upon information and belief, Defendants, The Kroger Company and/or Kroger Limited Partnership I, at all times material hereto owned, operated, controlled, managed and/or maintained the property located at 240 New Byhalia Road, Collierville, Shelby County, Tennessee 38017 and employed Plaintiff, Linda Archibald. This cause of action arises out of the acts and/or omissions of Defendants, The Kroger Company and/or Kroger Limited Partnership I, in the ownership, operation, management and control of the subject premises and its agents as well as the failure to protect its employee from a foreseeable risk of harm that was not a natural incident causally connected with his employment and, therefore, arose outside the course and scope of his employment.

5.      Upon information and belief, Defendants, The Kroger Company and/or Kroger Limited Partnership I, have employees, servants, agents and/or representatives who are responsible for maintaining a safe workplace at the Kroger Store located at 240 New Byhalia Road, Collierville, Memphis, Shelby County, Tennessee 38138 within the scope of their employment, apparent authority, agency or contract to act for and on behalf of Defendants, The Kroger Company and/or Kroger Limited Partnership I. Defendants, The Kroger Company and/or Kroger Limited Partnership I, are legally responsible and vicariously liable for the negligence of their employees, servants, agents and/or representatives set forth herein under the doctrines of *respondeat superior* and/or agency.

6.      Upon information and belief, Defendant, JFE Franchising, Inc. d/b/a Snowfox, is a foreign corporation with a principal business address of 2021 Bingle Road, Houston, Texas 77055-1435 and is authorized to do business in the State of Tennessee.  Defendant, JFE Franchising, Inc. d/b/a Snowfox, may be served with process through its registered agent for service of process, Legal Inc. Corporate Services Inc., Chrome and Parts, Suite 389, 5865 Ridgeway Center Parkway, Memphis, Tennessee 38120-4032.

7.      Upon information and belief, Defendant, JFE Franchising, Inc. d/b/a Snowfox, at all times material hereto was the franchisor of a sushi business operating on the property located at 240 New Byhalia Road, Collierville, Shelby County, Tennessee 38017, and this cause of action arises out of the negligence on behalf of Defendant, JFE Franchising, Inc. d/b/a Snowfox, in the operation, control and management of the franchise business and its franchisee.

<u>**JURISDICTION AND VENUE**</u>

8.      The Plaintiff's cause of action arises in tort as a result of injuries and damages sustained due to reckless, grossly negligent, outrageous and/or negligent conduct of Defendants. Defendants are subject to the jurisdiction of this Court pursuant to Tenn. Code Ann. §16-10-101.

9.      Venue is proper pursuant to Tenn. Code Ann. §20-4-101 in that the Defendants are either located in Shelby County, Tennessee or doing business in Shelby County, Tennessee.

10.      All wrongs complained of herein occurred in Shelby County, Tennessee and within one year preceding the filing of this action, and this Court has jurisdiction.

## FACTUAL ALLEGATIONS

11.     On or about, September 23, 2021, Linda Archibald (hereinafter "Plaintiff") was employed and about the business of Defendants The Kroger Limited Partnership I and/or The Kroger Co. (hereinafter "Kroger").

12.     On or about September 23, 2021, Uk Thang (hereinafter "Thang") upon information and belief, was the franchisee of JFE Franchising, Inc. d/b/a Snowfox (hereinafter "Snowfox").

13.     Upon information and belief, Kroger and Snowfox engaged in a joint venture and/or enterprise or, in the alternative, were principal and agent in a relationship wherein Snowfox would recruit, screen, train and otherwise support franchisees in conducting business on or about premises owned and operated by Kroger while Kroger would supervise, direct or otherwise control said franchisees conducting business at said locations.

14.     Upon information and belief, Thang had a history of anti-social, antagonistic, volatile, unstable, threatening and predictably dangerous behavior at all times pertinent hereto.

15.     Upon information and belief, Thang had history of confrontations and disagreements with other individuals including employees and agents of Kroger and its invitees. On the morning of the subject incident Thang was called into the manager's office as a result of one or more such incidents.

16.     Upon information and belief, after said meeting, Thang was terminated and asked to leave Kroger.  Thang responded angrily displaying great propensity to act violently and

dangerously. Thang left the premises only after agents and/or employees of Kroger announced their intent to contact law enforcement for assistance.

17.    At all times pertinent hereto, all Defendants knew or should have known that Thang presented a danger.

18.    Upon information and belief, Thang returned to the subject Kroger store armed with three guns including two pistols and a full-length military style rifle as well as high-capacity magazines and substantial amounts of ammunition. Armed and enraged, Thang approached the store and then entered it shooting customers and employees.

19.    Kroger stood in a special relationship with and owed a heightened duty to its invitees and employees to ensure that Thang did not harm them including but not limited to returning to the property and/or, once there and plainly armed for mayhem, failed to recognize the clear and present danger and act reasonably on the notice then and there existing to prevent him from entering the store and/or gaining access to employees or invitees for the purpose of doing harm.

20.    Upon information and belief, fifteen (15) people were injured, one of whom died.

21.    Plaintiff was one of the people shot and injured in this mass shooting.

22.    At no time did any Defendant warn of or otherwise take reasonable action to prevent Thang from causing or mitigating his ability to cause such harm when they had the means, ability and reasonable constructive and/or actual notice to do so.

## LIABILITY

23.    Kroger was guilty of the following acts of common law negligence, gross negligence and/or recklessness as that term is defined under Tennessee law, including but not limited to Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992), each and every one of which was a direct and proximate cause of the incident and injuries described herein:

   a.  Failure to provide adequate security measures at Kroger which would have deterred a mass shooting and would have protected Plaintiff and others similarly situated from the mass shooting.

   b.  Failure to act prudently considering the circumstances then and there existing to manage the situation and Thang properly but rather in such a manner that set into motion the sequence of events described herein ultimately causing harm to others.

   c.  Ignored foreseeable risks of harm specifically by not having adequate security measures in place when Kroger knew or should have known that Thang posed a specific threat of violence.

   d.  Failure to exercise reasonable care under the circumstances existing on or about September 23, 2021.

24.    Snowfox was guilty of the following acts of common law negligence, gross negligence and/or recklessness as that term is defined under Tennessee law, including but not limited to Hodges v. S.C. Toof & Co., 833 S.W.2d 896, 901 (Tenn. 1992), each and every one of which was a direct and proximate cause of the incident and injuries described herein:

   a.  Failure to adequately screen, investigate, oversee, evaluate, or otherwise assess the character, propensities for violence. tendencies, or other indications of the potential to cause harm of its franchisees and/or agents.

   b.  Failure to warn others of propensities for violence, tendencies, or other indications of the potential to cause harm of its franchisees and/or agents of which it knew or should have known.

25.     As a direct and proximate result of Defendants' acts and/or omissions, Plaintiff has suffered severe injuries, great emotional distress, pain and suffering, mental anguish, loss of income and loss of enjoyment of life.

## GROSS NEGLIGENCE

26.     Plaintiff alleges that Defendants acted with gross negligence and carelessness by failing to employ the degree of care, skill, and attention, as required of a reasonable and prudent person or business under the same or similar circumstances.

27.     As a direct and proximate result of Defendants' gross negligence, Plaintiff has suffered injury, great emotional distress, pain and suffering, mental anguish, loss of income and loss of enjoyment of life.

## NEGLIGENT HIRING

28.     Defendants by and through its agents, servants, and employees, through investigation and background examination, knew or should have known of Thang's dangerous propensities as an unfit employee/franchisee. Defendants failed to use reasonable care investigating, recruiting, and hiring Thang and failed to provide adequate warning to Plaintiff.

29.     As a direct and proximate result of this negligent conduct, Plaintiff has sustained and continues to sustain the injuries and damages alleged herein.

## OUTRAGEOUS CONDUCT

30.     Additionally, Defendants through its employees, officers or agents were guilty of the following acts of outrageous conduct, which were direct and proximate causes of the injuries described herein:

## PUNITIVE DAMAGES

40.     The actions and omissions of the Defendants as set forth herein, constitute intentional, malicious, outrageous and/or reckless conduct. Accordingly, Plaintiff is entitled to an award of punitive damages.

41.     Defendants' conduct was intentional, malicious, outrageous and/or reckless or, in the alternative, grossly negligent and, therefore, any judgment awarded should be punitive in nature.

## DAMAGES

42.     As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiff sustained injuries which have required and continue to require medical attention.  The injuries for which Plaintiff seeks compensation from Defendants include, but are not limited to:

a.     Physical and emotional pain and suffering of a past, present, and future nature;

b.     Physical disfigurement;

c.     Medical bills and expenses of a past, present, and future nature;

d.     Loss of enjoyment and quality of life;

e.     Lost wages and loss of earning capacity;

f.     Prejudgment and/or post-judgment interest to the extent permitted by law; and

g.     All such further relief, both general and specific, to which he may be entitled under the premises.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests the following relief:

Page 10 of 11

1.    That the Defendants be served with process and required to answer this Complaint within thirty (30) days;

2.    Judgment for Plaintiff in an amount to be proven at trial not to exceed $5,000,000.00 Dollars for injuries and compensatory damages;

3.    Judgment for Plaintiff in an amount to be proven at trial not to exceed $5,000,000.00 Dollars for punitive damages;

4.    Court costs, litigation expenses, and reasonable attorney's fees as may be allowed by law; and

5.    That Plaintiff be given such other further relief as the Court deems proper and just.

Respectfully submitted.

LAW OFFICE OF JULIAN T. BOLTON

Julian T. Bolton, Esq. (TN BPR #015378)
119 South Main Street, Suite 500
Memphis, Tennessee 38103
Telephone:  (901) 308-1716
Facsimile:  (901) 509-3324
Email:  bolllaw@aol.com

# AFFIDAVIT OF COMPLAINT

IP-DA
Div 11

**STATE OF TENNESSEE**
**COUNTY of SHELBY**

Personally appeared before me ___D. Adams_____ __13309___ and made oath that on or about the _11_ day of _September_, 20_17_, in said County, and within the jurisdiction of the Criminal Court of Shelby County, Tennessee, one Tc T Elliott, age 39, sex Male, whose last known address is 4344 Firerock Circle, Memphis, TN 38118, did unlawfully commit the offense(s) of Domestic Assault (T.C.A. 39-13-111) and the essential facts constituting said offense(s) and the source of the affiant's information are as follows:

On 09/11/2017 at 01:05 hours, Officers Sharman (13060) and Adams (13309) responded to a domestic fight at 4344 Firerock Circle, CAD #P172540074. Officers made the scene and victim Vejia Campbell advised her boyfriend of 16 years suspect Tc Elliott is drunk and had just assaulted her. Victim advised suspect Tc Elliott came home drunk and irate causing a disturbance. Victim advised suspect Tc Elliott was looking for something inside the closet. Victim stated the suspect could not find what he was looking for and kept blaming her for moving whatever he was looking for. Victim Vejia Campbell advised that's when her boyfriend suspect Tc Elliott pushed her into the closet and began to slap her across the face. Victim did advise she did slap him in self defense.

Officers observed the victim Vejia Campbell to have a black eye but she advised officers that it was from an incident on Friday with her boyfriend. Officers determined that suspect Tc Elliott is the primary aggressor. Officers had victim Vejia Campbell fill out a DV hold harmless. Officers placed suspect Tc Elliott under arrest. Officer Adams transported the suspect to 201 Poplar and also tagged the DV hold harmless at the property and evidence room. Photos of the victim are attached.
These events occurred in Shelby County, Tennessee.

_____ 13309
Affiant

201 Poplar Ave, Memphis, Tennessee
Address

Sworn to and subscribed before me this _11_ day of _Septu_, 20_17_.

Booking Number: _1715751 4_

_____
Judge/Judicial Commissioner, General Sessions
Criminal Court of Shelby County, Tennessee

**STATE OF TENNESSEE**
**COUNTY of SHELBY**                    **ARREST WARRANT**

**TO ANY LAWFUL OFFICER OF THE STATE:**

INFORMATION ON OATH having been made that the offense(s) of Domestic Assault (T.C.A. 39-13-111) has been committed, and accusing Tc T Elliott thereof.

YOU ARE HEREBY COMMANDED IN THE NAME OF THE STATE to ARREST said defendant and bring him/her before me or any other Judge of the General Sessions Criminal Court of Shelby County.

This _11_ day of _Septu_, 20_17_.

_____
Judge/Judicial Commissioner, General Sessions
Criminal Court of Shelby County, Tennessee